Good morning, and may it please the Court. Mr. Martinez argues on appeal that the District Court plainly erred when it failed to consider and apply Guideline Section 5G1.3c when it ran his federal sentence consecutive to pending state charges for relevant conduct. Subsection C of that guideline, however, instructs that when there is an anticipated state sentence for relevant conduct, the federal sentence should run concurrent to those pending state charges. But that is not what happened here. It's a relatively discreet issue, I believe, before the Court, because the parties have not disputed that Subsection C is the relevant guideline subsection under discussion, and there's no dispute that the pending state charges were for relevant conduct. So it really turns on whether or not anticipated state sentence means something more than what this Court has understood that term to mean, which is a pending indictment. Counsel, is there a standard of review of use of discretion, even with this particular guideline provision? Typically, it would be if it were preserved, but I do have the burden under plain error, so error first, then is it obvious? District courts do have discretion, generally speaking, whether to run sentences consecutive or concurrent, but that discretion is predicated on the consideration of the proper guidelines that apply. And here, the record doesn't reflect that Subsection C was ever discussed. Yeah, what is the district? So we're on plain error review. Subsection C seems to cover this case, or I guess that's the question. As I understand the guidelines, the next subsection, Section D, does recognize discretion, but only in cases not covered by the other subsections. Is that right? It's like a catch-all or something? I don't think so. Only because... What does it say? Excuse me. Subsection A, B as in boy, and D as in dog, all deal with undischarged terms of imprisonment. So Subsection C was really the new revision after Setzer to deal with anticipated sentences. So the statute gives district courts discretion. Setzer established that. It's the authority of the district courts to impose it, but again, that discretion is predicated on whether or not the proper guidelines were considered and applied. And so here, we just don't have a record that Subsection C was considered. There's no... The district court says something like, in light of the whole section. Like he doesn't specify C, he just says in light of... Again, I forget what he says exactly. A through D. A through D. Which is the guidelines. He just kind of says, in light of that, this is what I'm... Correct. And in light of A through D, C is really the only subsection that applies. And anything that is different than what Subsection C applies is essentially a variance. So let's say in a different set of circumstances, the district court said, I understand Subsection C recommends concurrent sentences, but in this case, I find X, Y, and Z to run them consecutive. That's a different case altogether. A district court has that discretion in the context of the guidelines. Well, Ms. Davidson, you are to be applauded for your candor with the court and your burden in stating that and everything, as you always do bring a very thorough, good argument. But with regard to Plain Air, Prong 2, we don't have a case that says what it is to be anticipated. And so Ochoa may be the closest that we even mention it, and these other cases are unpublished as far as... So how could we find Prong 2 satisfied here that you would have to satisfy? Several ways, Your Honor. First of all, the court also doesn't have a case dealing with the definition of plainness that is so rote that it has to be on all fours. As to the plainness of what anticipated means, there's a history here. Setzer, the Supreme Court uses anticipated sentence to refer to a pending indictment. And it is because of Setzer that the guideline adds subsection C in the commentary explains that Setzer is the inspiration for this. And then we do have Fifth Circuit understanding in unpublished and published cases that at a minimum, anticipated sentence means that an indictment is pending. I think Ochoa is actually a published case to point to that identifies that's the court's understanding. Now... It says we have treated pending state charges as anticipated. I'm sorry? It says we have treated pending state charges as anticipated and then assumes arguendo that the defendant pending state charges were anticipated. It does not make a holding on the issue. I think if we look at the context in which the court has addressed this guideline, however, plainness bars relief when the defendant has tried to extend that in some way, to extend the meaning of anticipated in some way. So in Johnson and Gonzalez, those are cases cited in the government's briefing, there seems to be a run-up of behavior of possible pending charges. And that's an example where plainness kicks in and says no, our understanding has always been that it means at a minimum a pending indictment and we're not going to extend our precedent. That's where plainness kicks in. And what's interesting is that in Johnson, the court cites Olmeda, which is the Second Circuit case that does make that explicit holding. But the Second Circuit actually relies on the Fifth Circuit and its explanation in Looney from years before. I appreciate you talking about our cases. I guess my answer to the Chief's question, the first answer would have been the word anticipated. How in the world could we understand that word in any other way that it would not apply in this situation? It was a pending state charge indictment, right? Correct. For the guy had a boatload of cocaine or something in his, what is it, his spare tire or behind the dashboard of the car? I believe in 2021, it was the dashboard. Yeah, and it was a lot. And he was indicted on that. So how in the world could we understand anticipated state charge not to cover that? I don't think you can. I don't even understand. I'm going to ask the government this. What definition of anticipated would not cover that? A definition that's been rejected by other courts, which is like an actual adjudication of guilt in some way, either by plea or by jury. Like he's been found guilty already and we're just waiting for the sentence to come in? Correct. And that really cuts against the purpose of why subsection C was created. And it's actually not practical. This case, I think, is not an unusual case by any means where the state filed an indictment at the end of August. He's already under watch by a joint task force between the state and the federal agencies. He's picked up three weeks later. The federal charge goes first. It is typically not my experience that we see the jurisdictions warring for who goes first. Yeah. Was it the probation officer or somebody sends the judge a note or puts a note on? I forget if it's a PSR or some piece of paper that the district judge... I was obviously never a district judge. That's why I'm talking like this. The judge gets a note from the, let's say it's a probation officer, that references the pending state charge, right? And it puts something in parenthesis, right? Doesn't it put something in parenthesis that says relevant conduct? What does it say? So you're referring to the sealed sentencing recommendation by the probation officer? I don't know if that happens in court. It's not usually something that's shared with the parties, or at least the day. I didn't understand the origin of that note, but I know that there was a note given, and it was obviously with reference to the pending state charge. There were two versions. The first version simply puts in parenthesis after it gives the case number, it's pending, and then it says concurrent. And then in the revised one, which the government accurately pointed out, it was revised to just say relevant conduct. So it's not the case that the district court was accurately queued up to have an eye out for what subsection C requires. And I think that's... I would think the meaning of those notes is very clear. Just speculating a little bit. That is, hey, there's a pending state charge. It's relevant conduct. It's supposed to run concurrently. What? Doesn't mean that? I don't think we can carry forward that understanding to what actually happened at sentencing based on the district court's explanation. That was my next question, is the district court looks at that and says, oh, I see. I'm going to run them consecutively. It just sounds like there was a glitch in the system. I think there was a glitch in the system, but that's why plain error. It's a friendly question. It's a friendly question. It is. I finally found a plain error case online. It is a glitch in the system, and that is why plain error. And the question is just how big a glitch? Significant. Like a plain glitch. It is a plain glitch that substantially affects substantial rights and affects the integrity of the process, right? She's turned all the factors in. Yeah, all of them at the same time. The sentencing starts with an accurate PSR from the probation officer. The courts rely on that. So the glitch is that it wasn't adequately cited. Certainly the parties failed to bring it up, but I think what we have is a district court explaining his sentence that this defendant should be subject to a downward variance if the court had accurately considered subsequency. The downward variance part is interesting because the district court buried downward by like 10 years, right? Correct. But the effect, I think you point this out in the brief, the effect of running them consecutively is effectively to take that back. Right. Assuming a minimum sentence on the state charge. And I think that speaks to harm. That's correct. The mandatory minimum of the state charge is 10 years. And so I don't think that, I think that there's a lot of back bends that perhaps don't even, aren't even consistent with logic if we were to say that the court explained why a downward variance for the sentence was required and then essentially created another variance without explanation to eliminate that downward sentence. And I think that's why this case illustrates the plainness of the error that the court failed to consider, adequately consider and apply or wrestle with subsection C. What's confusing to me is also that the district court specifically references, as we were talking about earlier, the section of the sentencing guidelines. The, not the specific subsection, but just the whole thing. So the district court is obviously aware that he's in the universe of, okay, what do I do with a sentence when there's something going on in the state system? I just don't understand how he gets from that reference to consecutively. That is an excellent question that we're all having to guess for, which is why remand would be interesting and necessary in order to correct and clean up this error. And I have just a few minutes left. I do want to address relief because there is some discussion about whether it would be remand for resetting. To get a do over or not. Right. I think what's difficult about the government's suggestion that limited remand is necessary is that limited remand is not only disfavored, but it doesn't mean one thing. So if the court were to say district court, please consider the application of 5G 1.3. That would be a limited remand. That would be okay. But what the court is having to do is to wrestle with a guideline, which is part of the sentence it imposes that requires presence by my client. And if the court did wish to vary away from subsection C, then articulate that explanation, which would be subject to discussion and objection. So limited remand as something that the court just considers in chambers to clarify its intention, like it did in the Taylor case. Oh, these are the sentence I meant to run concurrent when there are four. The suggestive remedy of limited remand doesn't address or correct the error. Okay. So, but the government would be entitled to have the whole new sentence where they could argue that consecutive is more appropriate here and that there should both simultaneously, they can argue for or against the variance that already took place, but also that they think there should be a variance here. They could do that. You're not saying they're foreclosed or something like that. Sometimes people say you shouldn't do a remand because they're foreclosed and they should have argued it before. That's not the position here. Correct. It should be a whole new do-over where everything can be considered at the sentencing in life because it's all interdependent. Correct. The typical relief of remand for resentencing consistent with the proceedings would be adequate and would address that. Thank you. May it please the court. My name is Daphne Nawaz and I'm an assistant U.S. attorney. I did not brief this matter. However, I'm covering for Laura Durbin in this case. The crux of Appellant's argument is that somehow the district court must have made a mistake in running the two sentences consecutively. You don't concede that the... Absolutely not, Your Honor. Okay. So if C applies here, do you concede that a mistake was made? I do not believe Judge Counts made a mistake in his sentencing. If C, well, if C applies. C does apply. Yes, Your Honor. We concede that. Here's an analogous example. In most sentencings in district court, the district judges always say, I'm considering the 3553 factors, correct, but they don't necessarily list each and every factor that they're considering. Here, there was no question that C was the appropriate subsection, but he listed A through D just as a matter of convenience for district court to ensure that there was not an error. And if you look at it, and he specifically stated of the sentencing guidelines and he listed the paragraph of the state conduct that was at issue, he listed the page number. He even specifically listed the cause number of what of the state sentence. I know that, but that's what's so confusing. How could he do all that and then say the sentence is run consecutively? Because he... What part of the sentencing guidelines section at issue here would tell him, yeah, you run these sentences consecutively? Because he understands that he doesn't have to follow the guidelines. Look at the sentence, he imposed a variance in the case, in the federal case, as it was, and he specifically listed the factors that he was considering when he did that. I would also point out... That's the problem, because he listed factors and did not list factors when doing... If you say he knew what he's doing and he meant to vary and he gave his permission, why didn't he list any reasons? Because he was crafting a global sentence. I believe that the factors that he listed... So these factors that he listed explain the sentence in its entirety, including supervised release. If a fine would have been imposed, but it wasn't, it includes that. What is his reason with regard to this concurrent versus... So the reasons that he gave for issuing the sentence in this case, which obviously includes running the state matter consecutive, include the totality of the circumstances of the trial that I've heard, the pre-sentence report I've reviewed, the pleadings of the parties, the arguments of the parties, the response for probation, even to objections, including the fact that he found, and I quote, that this defendant... It was an unbelievable scenario he testified to. The defendant perjured himself and attempted to mislead the jury. He basically... But he varied downward by 10 years. He did, but I believe that that's concluding his entire sentence, which is running the state term consecutively. Even as Apelli points out, that could be... You think he varied downward by 10 years in order to offset the consecutive part of the sentence? I think that that is one possible... See, we are all theorizing, aren't we? We're all kind of theorizing. However, here's the big issue. This is how this case gets resolved, and it's on plain error, because defendant never objected. If they really wanted to have him say more, even as Appellant says, oh, we'd like him to say, well, I'm quoting the exact section of the guidelines, but trust me, I know the guidelines say concurrent, but I promise, I really do mean consecutive. That is what they're asking for. They could have objected and said, Your Honor, we object this section of the guidelines. It says concurrent. Can you clarify? And if that would have happened, and if plain error didn't apply, potentially there could be an issue, but because there was no objection, Setzer controls in this case, and Setzer specifically states, federal courts have the discretion to order sentences concurrently or consecutively to state sentences that have not yet been imposed. We all know that subsection C came into the guidelines as a result of Setzer, and it says something. Correct. So I want to hear your argument about why the state sentence was not anticipated. Yes, Your Honor, and I'm just going to define it. However, if you look at application note for subsection C, it states that it applies to cases in which the federal court anticipates that after the federal sentence is imposed, the defendant will be sentenced in state court and will serve that state sentence before being transferred to federal custody. Okay. So what does that mean? That means that the defendant would have needed to plead guilty, be something suggesting or showing that he pled guilty and or a writ. And this is literally just the text of the guidelines trying to tell the means. And it says when the federal court anticipates that after the federal court imposes the sentence, the defendant is going to be sentenced in state court and serve that state sentence before getting transferred back to serve the federal. What more needed to happen in this case for the sentence to be anticipated? The defendant needed to have entered a plea of guilty and or a writ would have needed to have been put in place showing the federal judge that yes, that state court is seeking to bring him back to have movement on the state case. If you look at what case says that or even suggests that that's what anticipated means, all that meaning is built into the word anticipated. There is not a case that specifically delves into that. Chief Judge Elrod, you mentioned the Ochoa case as kind of being the closest that this court has had to looking at that. In published cases. There are unpublished cases. Correct. But even in the Ochoa case, this court said we're going to assume for the sake of argument that it was anticipated. Maybe we need to say this answer. Maybe we need to explain what anticipate means. And again, maybe this would be a good opportunity. I will just, I will say that obviously we mandate for the district court to consider it so that we're not speculating. We are, we are under plain error review. And I, I, I, the Johnson case obviously states that as, as your honor noted, it's a bit of a problem because under that review, no error can be clear or obvious. Thereby not field. I'm sorry. Field relied upon by your colleague on your friend on the other side. I think it's field. Maybe I'm wrong, but I think I thought it was fields. It said you don't have to have an actual precise case on point for it to be plain error. Uh, so, you know, we have some cases to say, well, we've never decided this. So therefore the error can't be plain, but then we have some cases to say it's close enough. And we have said this almost, and that's close enough for, we have both unfortunately, or fortunately as the case may be. Uh, well, your honor, I believe that in this case, because there, I mean, this is essentially what you had in this case. You have an indictment. And if you look at the actual years that had passed, uh, that's 2021 conduct, the case tended for a while and then got dismissed and then was indicted in 2023. This individual was sentenced in 2024 and nothing had happened. Here we are in 2025 and pre-July of 2025, nothing had still happened. Another AUSA actually called up El Paso County in order to inquire about the status of the case. They, they had no information. Um, but yet when they found out he's in, he was in custody, they did decide to issue a writ. That happened in July of 2025 and only after a phone call. How was the district, uh, the, the, because those state charges are still pending. So El Paso County. I'm sorry, I didn't follow that. What is the meaning of the writ? Why did they do that? To bring him over to finally do something on the state case, his state case. Did they have issued a writ? Only as of a couple of weeks ago and only because they got. So they had issued a writ? Correct. So that's definitely anticipated. No, because the federal judge back in 2024 could not in any way, or form have anticipated that that was going to happen. Okay. What did the federal judge say when he rendered sentence with respect to a possible state sentence? Uh, specifically, his exact quotes were that pursuant to United States sentencing guidelines, section 5G 1.3A through D, the court will order that the federal sentence run consecutively to any sentence of charge. That's listed in paragraph 56 on page 15 of the report. And then he cites the cost. So isn't it fair to say from that, that he knew there was a sentence coming? I believe that judge counts realized the potent, the applicability of this section, even though it hadn't been discussed at sentencing, even though the parties were discussing other objections, nobody ever mentioned it. It wasn't in the PSR. Judge counts knew he had obviously knew about the state case. He knew about it all. It seems to me that he's supposed to know about it. He's a federal judge. Correct. And he was, and he, and he knew enough to consider it and put that language in his oral pronouncement, which also matches the language in the judgment in this case. That was his intent. I don't think that speculating that simply because somehow it doesn't follow the guidelines must mean that he didn't really mean what he said when he didn't follow the guidelines when issuing the sentence on the federal case. Perhaps if this case wasn't under plain air review, perhaps it would be appropriate to send this case for limited remand to ask the judge, you know, because if there was an objection, judge counts would have had the ability to explain to, you know, if there were questions. What would a limited remand do here? Because if he had to explain his reasons, then they would have a chance to object and their client would have a right to be there. I mean, I think potentially, honestly, potentially, I think that if he might get 360 to life. If, well, they understand that. I'm sure they advise their client that if they get a do-over, they may not get the variance at all. That it's not a, you know, if you roll the, you know, and I know this is about people's lives, but so I pardon the language, but if you roll the dice for a remand and it's a full on remand, you could get any sentence that's a statutory sentence. So it's a risk to go back to get this concurrent sentence, but they know that, they're experienced and that's their call, assuming that they're entitled to it. Your Honor, I would, again, I go back to plain error because in the government's view, the purpose of plain error is to ensure that the district court's record on these types of issues is robust enough to not have to come before this court, argue issues that were not effectively preserved at the time of sentencing, send it back to the district court for him to say, no, I really did mean what I said. That is a waste of judicial resources and the purpose of plain error, and this is, again, an analogous case. I'm sorry. We get plain error cases all the time and I told counsel opposite, I mean, look, you've read my decisions. I'm the last person in the world who's going to say, oh yeah, plain error. I mean, plain error is a very high standard, but when I have the sentencing guidelines staring me in the face saying there's an anticipated state sentence, you're going to run it concurrently, not consecutively, concurrently, and I've got this conduct charged in state court and it's relevant conduct, everybody agrees with it, and you just told me that El Paso issued a writ. Yes, sir. So it's just staring me in the face and I have to say, okay, well, gosh, sounds like an error was made that looks pretty plain to me. That's why we're talking about plain error. I have no earthly idea why the district court did what he did. Just seems wrong, but that's just me. Well, again, I think that obviously Judge Counts being in the position that he was sitting through that entire trial, obviously the words that he used at sentencing to describe the defendant's conduct and to describe what happened during that trial illustrates his reasons for the sentence he imposed. I think that perhaps if an objection had been raised at all, perhaps you would have... I understand why you're making that argument, but you haven't conceded here that an error was made even if subsection C applies. Correct. So you don't think there's any error at all, so if an objection had been made, you'd be standing right here saying there's no abuse of discretion. So would I if I were in your position, but that's the premise of saying there's no error. Did you tell the court about the writ? Your Honor, I personally... Correct. I'm asking if the U.S. attorney told the court about the writ that you told us about this morning. I do not know. I learned that information. I wanted to provide it to you given that it just occurred, and apparently it was based on just a phone call to check on the status. When did it occur? I don't know. I'll talk to the chief. I obviously don't have first-hand knowledge of this, but I believe that the writ occurred... it's either July 23rd, 2025 or July 24th, 2025. Okay. Then you can file a 28-J letter providing that information and with not to exceed two pages, and you can provide a 28-J response not to exceed two pages if you have different information or think the court shouldn't consider it, or if the court should consider it and it has X effect or whatever, y'all can the first letter. Yes, Your Honor, and to clarify, just on the issue of that writ, is that correct? Just on the writ. If you need some other briefing, then you need to request that. You have not been granted other briefing except on the writ. Is that understood? Yes, thank you. I mean, there's a mechanism for requesting other briefing. We're not saying we need other briefing, though, on anything else. So, I do have a question about the sentencing recommendations. Yes, ma'am. Some of the jurisdictions now, as a matter of course, do provide that information to the person representing the criminal defendant that they no longer keep that secret, and I thought most of Texas was no longer keeping that secret, but are you telling, is the Western District keeping that secret as a matter of course, or is it judge-by-judge in Western? And just to clarify, are you referencing those, basically the sentencing reports that probation sends? Yes, the addendum to the PSR that's a addendum to the PSR. We have made mistakes in the past quoting from that, assuming that everybody had it and then heard from the public defender. Your Honor, we didn't even have access to that, and so I'm trying to figure out what is the current policy in the Western District of Texas, if any, on these PSR addendums. So, I believe those sentencing recommendation sheets, they're at 2006 and 2007. That's the record sites for both of them. Those documents are not made available to the United States, to defendant. Those are documents that the judge has. Obviously, we have them now on appeal as sealed records, but those documents are not made available. So, what I'm asking is the procedure in the Western District of Texas that those are kept under seal and not provided to counsel throughout the Western? You're the Western District of Texas? Yes, Your Honor. I can tell you that that is the procedure in San Antonio, that is the procedure in El Paso, and also in Pecos. I am not, I'm personally familiar with that. With those three areas? Yes. So, that's done throughout? It's not judge-by-judge, it's all throughout those? I'm not sure of that, Your Honor. I just know about those three divisions because I practice in them. Thank you. That's a question I have. That's different than Southern Texas, for example. Go ahead. I wanted to draw the court's attention to one last bit of information that was brought up by appellant, and that was the notion that what the, by running the sentences consecutively, that somehow that canceled out the court's variance that the court imposed on the federal sentence. I just wanted to draw the court's attention to the Setzer case, which actually dealt with that, and specifically said that just because a sentence is thwarted does not mean that that sentence was unreasonable. Granted, the Setzer court was under an abusive discretion review in that particular case, but that argument was made in that case, too, and the Supreme Court said it doesn't matter, essentially. Even if the sentence doesn't work the way that you would think it would work, that does not mean that it's unreasonable. It does not mean that something needs to be done to correct it or to do something about that. I think that the Setzer case really deals with appellant's argument on that, and I believe I am out of time. If you all have no further questions, I will take my seat. Thank you. Thank you. We have your argument. Thank you. Regarding the application note for subsection C, no court has defined anticipated as requiring that additional requirement that's mentioned in the application note. I think this is an example where the application note illustrates or clarifies a particular situation where subsection C applies. To narrow what the guideline says would run into a Stinson problem of the... It's inconsistent. Correct. Yes. As for the offset and Setzer's application, Setzer really only applies with who has authority to issue consecutive or concurrent sentences. In that case, the dispute was whether the district court has discretion to impose the relationship on anticipated sentences or does BOP. At the end of the day, the district court can disregard the guidelines. The Supreme Court jurisprudence tells district courts that they must consult the guidelines, they must consider the guidelines, but when the court sentences pursuant to a variance, it can disregard the guidelines. It's not even an upward or downward departure, which is a creature of the guidelines. It's a variance. Isn't that correct? Correct. The district court can do that, but we're all left guessing if that was the intention of the district court. We still have to rely on the record and the court... The procedures do require some sort of acknowledgement or explanation for why the court imposes what it does. That gets back to my question when you first began about discretion. The record has to reflect that the court considered the guidelines and the record in this case suggests that the judge did consider the guidelines. Isn't that a fair statement? I agree with the first part of your question, that the court does need to consider the correct guideline. What we're left on paper records is whether or not we can connect the dots. We can't connect the dots on this record because we've got a pretty full explanation for why the district court varies downward, but no explanation for why it would vary from subsection C. I think that triggers more an inference that the court did not or adequately consider what the guidelines require. A couple other quick points. I am prepared to address the update on the case if the court wants to forego additional paperwork. Otherwise, I'll put my response in the 28-J, but it is my that a writ was also issued around July 24th. As to the writ, to narrow anticipate so narrowly to require a writ would be very difficult. This case illustrates why. Our client wasn't in state custody when he was picked up and put in custody for the federal charges. The state had filed an indictment, but he wasn't under arrest. We don't know why, other than he was under ongoing investigation and observation before he was picked up in the traffic stop that resulted in the federal charges, but there wouldn't have been a writ, which eliminates any type of case where a person is picked up and simultaneously charged in state and federal court, but the feds take the case first. Besides the fact that no case is defined in anticipatory sentence so narrowly as to require a writ or even a plea of guilty, you know, plainness can come up if there's reasonable dispute, meaning different courts have applied the term differently or ascribed a different meaning to it, but there's no case that is inconsistent that anticipate requires anything more than an indictment, and so and just one final point on the remand, if I may have a few extra seconds, just to clarify that if it's a full remand, while it is a roll of the dice, typically a higher sentence without explanation carries a presumption of vindictiveness, so while everything's on the table, there has to be like a development in prison. I just wanted to clarify that, but I believe the court has our arguments. Thank you. Thank you. Thank you. We have your arguments. The case is submitted. We appreciate the arguments on both sides.